IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STEPHANIE M. MASSEY *also known as* )
STEPHEN R. MASSEY, )
                                                       )
     **Plaintiff,** )
                                                       )
v. ) Case No. 3:11-cv-646
                                                       )
**STATE OF TENNESSEE DEPARTMENT** ) Judge Sharp
**OF CORRECTIONS,** )
                                                       )
     **Defendant.** )

## MEMORANDUM OPINION

Plaintiff Stephanie M. Massey, also known as Stephen R. Massey, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, brings this *pro se* action against the State of Tennessee Department of Corrections seeking injunctive relief and compensatory damages for alleged violation of his civil rights. Plaintiff brings this action *in forma pauperis*.

**I.    Prison Litigation Reform Act Standard**

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to dismiss *sua sponte* a complaint filed *in forma pauperis*, before service on the defendant, if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to screen any complaint brought by a prisoner against a government entity, officer, or employee and to dismiss before service any complaint it finds to be frivolous or malicious, or that fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. 28 U.S.C. § 1915A. Although the courts are required to construe *pro se* pleadings liberally, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore*, 114 F.3d at 612.

**II.    Plaintiff Fails to State a Claim upon Which Relief May Be Granted**

Plaintiff alleges that the "State of Tennessee Department of Corrections" has violated his civil rights by refusing to recognize that he officially changed his name from "Stephen" to "Stephanie" in 2005

and more specifically by refusing to accept mail addressed to "Stephanie" as opposed to "Stephen" Massey, despite the fact that his name-change order is, or is supposed to be, in his prison file. Plaintiff clarifies that he believes he is being subjected to discrimination "not so much" because of the name change *per se* but because of his "lifestyle as a[n] open homosexual."[1] (ECF No. 1, at 2.) Plaintiff also alleges that he has been retaliated against by being transferred to the Northwest Correctional Complex as a result of his having filed internal grievances about this matter. Although Plaintiff references a number of individuals in the body of his complaint, the only defendant actually named in his suit is the "State of Tennessee Department of Corrections."

The Eleventh Amendment, however, bars suit in federal court by a citizen against a state or its agencies unless the state has expressly consented to suit by waiving its sovereign immunity or Congress has clearly overridden that immunity, regardless of whether the plaintiff seeks damages or injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984); *see Ernst v. Rising*, 427 F.3d 351, 365 (6th Cir. 2005) ("When a State is sued by name in a lawsuit, sovereign immunity bars the lawsuit regardless of whether monetary relief is sought. . . ." (citing *Pennhurst*, 465 U.S. at 102)).

Congress has not overridden a state's sovereign immunity to civil rights complaints. Moreover, the State of Tennessee has not consented to waive its immunity to such actions. *Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986). In light of the State of Tennessee's sovereign immunity and the fact that the State of Tennessee Department of Corrections is the only defendant named in this action, Plaintiff here has failed to state a claim upon which relief may be granted. Consequently, this action is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This action shall therefore be dismissed without prejudice.

An appropriate order will be entered.

*Kevin H. Sharp*
Kevin H. Sharp
United States District Judge

---

[1] Plaintiff purports to bring suit under "Title VI," presumably referring to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, which prohibits discrimination in any federally assisted program on the basis of race, color or national origin. The Court presumes that Plaintiff intended to refer to Title VII, which prohibits discrimination on the basis of sex. The Court notes, however, that Plaintiff's allegations, do not concern discrimination on the basis of sex but rather discrimination on the basis of sexual orientation and "lifestyle," which is not actually prohibited by any federal law. *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 762 (6th Cir. 2006).